**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:25-CR-0086-SDJ-AGD |
| v. | § | |
| | § | |
| | § | |
| SAMUEL DAVID WHITAKER, JR. (01) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Defendant Samuel David Whitaker, Jr.'s Motion to Suppress and Brief in Support ("Defendant's Motion") [Dkt. #229],[1] this motion having been referred to the undersigned by United States District Judge Sean D. Jordan for consideration and entry of proposed findings and recommended disposition. The Government filed a response in opposition thereto [Dkt. #252]. Having considered the Motion and response thereto, as well as all other relevant filings,[2] the court finds that Defendant's Motion should be **DENIED**.

**APPLICABLE BACKGROUND**

The facts in this case are undisputed. *See* GOV'T RESP. TO MTN. TO SUPPRESS, p.2 [Dkt. #252]. The agreed-upon facts are as follows:

> In February 2025, Irving Police Department Investigator Foust secured a search warrant for 4125 Easter Avenue, Dallas, Texas. *Dkts*. 227, 229, pg. 2. The magistrate who signed the warrant is City of Irving Municipal Judge Michael Acuna. *Dkts*. 227, 229, pg. 2. The City of Irving Municipal Court is a court of record and Judge Michael Acuna is an attorney licensed in Texas. *Dkt*s. 227, 229, pg. 8. On February 10, 2025, the warrant was executed by Investigator Foust and other members of the Irving Police Department at the location on Easter Avenue in the City of Dallas. *Dkt*s. 227, 229, pg. 2. During the execution of the search warrant on

---

[1] Defendant's original motion to suppress [Dkt. #227] was replaced by a successive motion to suppress [Dkt. #229]. The motions are identical, except that Defendant attached a proposed order to the latter.

[2] The court also considered substantive arguments raised in Defendant's motion requesting oral argument [Dkt. #254] and the Government's response in opposition thereto [Dkt. #259].

Easter Avenue, fentanyl, cocaine, marijuana, and methamphetamine were seized by law enforcement, as well as multiple firearms. *Dkt*s. 227, 229, pg. 2.

[Dkt. #252 at p.2].

On April 16, 2025, the grand jury returned a five-count Indictment charging Defendant, in Count 1, with Conspiracy to Distribute or Possess with Intent to Distribute or Dispense Fentanyl, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846, and in Count 2, with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) [Dkt. #1, sealed].  Thereafter, on May 14, 2025, the grand jury returned a six-count First Superseding Indictment, [Dkt. #93], charging Defendant with the same conduct alleged in the Indictment.  On July 9, 2025, the grand jury returned a seven-count Second Superseding Indictment, [Dkt. #176], charging Defendant with the same conduct alleged in the Indictment and First Superseding Indictment.

In his motion to suppress, Defendant argues all evidence seized pursuant to the search warrant should be suppressed because the municipal court judge who issued the warrant lacked the authority to issue the same.  For the reasons stated below, the court finds that Defendant's Motion lacks merit and should be denied.

**ANALYSIS**

**1.  Defendant's Argument**

Defendant argues that City of Irving Municipal Court Judge Michael Acuna did not have the authority to issue the warrant in question.  Defendant notes that the warrant was clear that the premises to be searched was located in the City of Dallas, not the City of Irving.  As such, Defendant argues that "the issuing magistrate did not have the jurisdiction and authority to issue a warrant for a place to be searched that was beyond the territorial limits of the municipality in which the municipal judge served as a municipal judge."  [Dkt. #254, at p.3].

REPORT AND RECOMMENDATION – Page 2

Defendant relies primarily on *Sanchez v. State*, 365 S.W.3d 681 (Tex. Crim. App. 2012). In that case, Sanchez was involved in a single-vehicle accident in Harris County, Texas. *Id*. at 682. Sanchez admitted to consuming alcohol prior to the accident. *Id*. at 683. Additionally, Sanchez "exhibited several clues of intoxication" while performing his field sobriety tests. *Id*. After refusing to provide a breath sample, the officer applied for a blood warrant. The warrant was ultimately issued by a statutory county court at law judge from County Court at Law Number Five in Montgomery County, Texas. *Id*. On appeal, Sanchez argued that "the statutory county court judge in Montgomery County lacked authority to issue a search warrant for [his] blood in Harris County." *Id*.

Ultimately, the Texas Court of Criminal Appeals held that the "Montgomery County judge did not have jurisdiction to issue a search warrant for an individual 'to be found in Harris County' because such action reached beyond the Montgomery County line." *Id*. at 686. In reaching this conclusion, the Court reasoned that "[s]tatutory county court judges are magistrates, and the duty of a magistrate is 'to preserve the peace *within his jurisdiction* . . . .'" *Id*. at 684–85, quoting TEX. CODE CRIM. PROC. art. 2.10 (emphasis added in the opinion). "Generally, '[a] statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.'" *Id*. at 685, quoting TEX. GOV'T CODE § 25.0003(a).

Notably, however, "[i]n no statute has the Legislature expressly granted statutory county courts the jurisdiction to issue a search warrant to be executed in another county." *Id*. "Although the Texas Code of Criminal Procedure explicitly authorizes that any magistrate may issue an arrest warrant, which can be executed statewide, the Legislature has declined to create such a provision for search warrants." *Id*.

Further, "Article 1.23 of the Texas Code of Criminal Procedure specifically lists the judicial positions that have statewide authority, including the judges of the Court of Criminal Appeals, justices of the Texas Supreme Court, justices of the court of appeals, and judges of the district courts." *Id*. at 686, citing TEX. CODE CRIM. PROC. art. 1.23.  Clearly, statutory county court judges were omitted from this list.  *Id*.

Considering the relevant statutory provisions, "a statutory county court judge is limited to acting within the county of his court unless expressly authorized to act beyond that county."  *Id*. "A statutory county court judge lacks jurisdiction to issue a search warrant to be executed outside of his own county."  *Id*.

Accordingly, the *Sanchez* court determined that the "Montgomery County judge did not have jurisdiction to issue a search warrant for an individual 'to be found in Harris County' because such action reached beyond the Montgomery County line."  *Id*.  Further, although the Montgomery County judge was acting as a magistrate, his authority was defined by virtue of his office as a statutory county court judge.  *Id*. at 685, citing *United States v. Conine*, 33 F.3d 467, 470 (5th Cir. 1994).  And "[t]hat office has not been given statewide jurisdiction by the [Texas] Legislature for search warrants."  *Id*.

Defendant herein now contends that like the statutory county court judge in *Sanchez*, the City of Irving municipal judge exceeded his jurisdiction by issuing a search warrant for the premises located in the City of Dallas.  Defendant argues that "[s]ince Judge Acuna was a municipal court Judge for Irving, Texas and since municipal court judges were not (and still are not) included in the list of [ ] judicial positions designated in TEX. CODE CRIM. PROC. art. 1.23, Judge Acuna's jurisdiction to issue a search warrant as a magistrate was limited to the territorial

REPORT AND RECOMMENDATION – Page 4

jurisdiction of the City of Irving, Texas." [Dkt. #254, at pp. 5–6]. As such, Defendant argues the warrant was invalid.

### 2. The Government's Argument

In contrast, the Government argues that Judge Acuna acted within his authority to issue the search warrant. Citing Article 2A.151(14) of the Texas Code of Criminal Procedure, the Government notes that a municipal court judge, like Judge Acuna, is a magistrate. [Dkt. #252, at p. 2]; *see also Gilbert v. State*, 493 S.W.2d 783, 784 (Tex. Crim. App. 1973) ("Judges of city courts of incorporated cities or towns are magistrates."); TEX. CODE CRIM. PROC. ANN. art. 2.09. And, the jurisdiction of a municipal court judge, "when acting as a magistrate, is coextensive with the limits of his county." *See Gilbert*, 493 S.W.2d at 784; *see also Davidson v. State*, 422 S.W.3d 750, 758 n.16 (Tex. App. – Texarkana 2013, pet. ref'd).

In *Gilbert*, a municipal court judge for the city of Hedwig Village, Texas in Harris County issued a search warrant for property located in Houston, Texas in Harris County. *Gilbert*, 493 S.W.2d at 784. Because the municipal court judge was acting as a magistrate when he issued the search warrant, the magistrate's jurisdiction was "coextensive with the limits of his county." *Id*. Accordingly, the "issuance of the search warrant was within the authority of the magistrate of the Hedwig Village municipal judge." *Id*.

The Government argues that the decision in *Gilbert* resolves the issue presently before the court. The Government further contends that *Sanchez* does not support Defendant's position.

### 3. Harmonizing *Gilbert* and *Sanchez*

"The Texas Code of Criminal Procedure provides that a search warrant is a written order issued by a magistrate." *United States v. Conine*, 33 F.3d 467, 469 (5th Cir. 1994).

REPORT AND RECOMMENDATION – Page 5

Who may serve as a magistrate? According to Article 2A.151 of the Texas Code of Criminal Procedure, a judge of a statutory county court and a judge of a municipal court, among others, may serve as magistrates. TEX. CODE CRIM. PROC. ANN. art. 2A.151(11)(A) & (14).

Accordingly, when a municipal court judge issues a search warrant, he does so in his capacity as a magistrate. *See Gilbert, supra*. And he may issue a search warrant within the limits of his county. *Id*.

Likewise, when a statutory county court judge issues a search warrant, he does so in his capacity as a magistrate. And he may issue a search warrant within the limits of his county because his authority is defined by virtue of his office as a statutory county court judge. *See Sanchez, supra*.[3]

Here, Judge Acuna, a municipal court judge for the City of Irving in Dallas County, Texas, issued a search warrant for premises located in the City of Dallas in Dallas County, Texas. Because Judge Acuna was acting as a magistrate when he issued the search warrant, he acted within his authority to issue this search warrant within the limits of his county.

In reaching this conclusion, the court relies on both *Sanchez* and *Gilbert*. As noted in *Conine*, when a judge issues a search warrant, "he is acting as a magistrate by virtue of his office" "for [the judge's] 'authority to act in the capacity of magistrate is dependent upon his office.'" *Conine*, 33 F.3d at 470. Following this reasoning, a municipal court judge acts as a magistrate by virtue of his office and his authority to act as a magistrate is dependent upon his office. And as

---

[3] Similarly, when a state district judge issues a search warrant, "he is acting as a magistrate by virtue of his office as a district judge" because his "'authority to act in the capacity of magistrate is dependent upon his office.'" *United States v. Conine*, 33 F.3d at 470 (internal citations omitted). A state district judge's jurisdiction "as a magistrate will at least encompass that of a district judge." *Id*. (finding that "[d]istrict judges are empowered, by the Texas Constitution, to function judicially throughout the state.")

concluded by the *Gilbert* court, the authority of a municipal court judge acting as a magistrate falls within the limits of his county.

Likewise, a statutory county court judge acts as a magistrate by virtue of his office and his authority to act as a magistrate is dependent upon his office.  And as concluded by the *Sanchez* court, the authority of a statutory county court judge acting as a magistrate falls within the limits of his county.

Defendant's request to limit the authority of a municipal court judge acting as a magistrate to his municipality based on *Sanchez* is misguided.  In doing so, Defendant asks the court to ignore the guiding premise of *Sanchez* – that is, the authority of a magistrate to act is dependent on his office.  Asking the court to apply the limitations of a statutory county court judge acting as a magistrate to that of a municipal court judge acting as a magistrate ignores longstanding jurisprudence.  The court declines Defendant's invitation to do so.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant Samuel David Whitaker, Jr.'s Motion to Suppress [Dkt. #229] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

REPORT AND RECOMMENDATION – Page 7

Failure to file specific, written objections will bar the party from appealing the uncontroverted factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 28th day of January, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE